UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
———————————————————x
:
EVELYN SUAREZ and ROSA SUAREZ,            :
on behalf of Petra Del Valle, deceased,    :         COMPLAINT
:
Plaintiff,       :
:         CIVIL No.: 09-1190
v.               :
:
HIMA HOSPITAL OF CAGUAS,                   :
:
Defendant.       :
:
———————————————————x

Plaintiffs, through the undersigned counsel, respectfully allege as follows:

## I. NATURE OF ACTION

1. This is a wrongful death action brought in diversity on behalf of the decedent arising from the professional malpractice of the unidentified employees and agents of the defendant.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

3. The Court also has supplemental jurisdiction over the causes of action arising under state law against HIMA Hospital of Caguas pursuant to 28 U.S.C. §1367.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391 (a) and (b) inasmuch as defendants reside in this district.

5. Plaintiffs demand trial by jury.

## III. PARTIES

6. Plaintiff, Petra Del Valle, deceased, was resident of the State of New York and a citizen of the United States of America.

7. Plaintiff, Evelyn Suarez, administrator, is of legal age and is a citizen of the United States of America. Evelyn Suarez is the daughter of Petra Del Valle, deceased.

8. Plaintiff, Rosa Suarez, administrator, is of legal age and is a citizen of the United States of America. Rosa Suarez is the daughter of Petra Del Valle, deceased.

9. Defendant HIMA Hospital of Caguas is an entity or corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with principal place of business in Caguas, Puerto Rico.

## IV.   FACTS

10. Beginning in or about January 2006 and continuing each month through March 2008, plaintiff, Petra Del Valle, went to her doctor for routine checkups.

11. On, or about, 2 February 2008, plaintiff, Petra Del Valle, entered defendant HIMA Hospital of Caguas to be treated for pneumonia.

12. On, or about, 5 February 2008, plaintiff, Petra Del Valle was discharged from HIMA Hospital of Caguas.

13. On, or about, March 2008, plaintiff, Petra Del Valle, departed Caguas, PR for New York, NY to obtain treatment as she was not getting better following her treatment in Puerto Rico for pneumonia.

14. On, or about, March 2008, plaintiff, Petra Del Valle, entered Saint Vincent's Hospital, where she was diagnosed with pancreatic cancer.

15. On 27 September 2008, Petra Del Valle died of complications related to her cancer.

## V.   CLAIM FOR RELIEF

16. The Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1-17.

17. The medical staff of HIMA Hospital of Caguas did not provide Petra Del Valle proper, required and adequate treatment and she did not receive the medical screening or treatment necessary to assess and stabilize Petra Del Valle's medical condition.

18. The medical staff of HIMA Hospital of Caguas failed to monitor and order the appropriate and adequate diagnostic tests to be able to make a correct diagnosis of Petra Del Valle's medical condition.

19. The medical staff at HIMA Hospital of Caguas departed from the accepted standards of medical care and treatment recognized as adequate by the medical profession in light of the modern means of instruction, education and communication, and directly caused and/or contributed to the death of Petra del Valle and therefore, plaintiff's damages.

20. That all of the injuries and damages sustained by Petra Del Valle were the direct and proximate result of the negligent actions of the medical personnel at HIMA Hospital of Caguas without any act or omission on the part of the Petra Del Valle directly thereunto contributing.

21. HIMA Hospital of Caguas is liable to the plaintiffs under Articles 1802 and 1803 of the Puerto Rico Civil Code for their own negligence and the negligence of its medical and paramedical personnel, agents and employees.

## VI.   DAMAGES

22. As a consequence of the defendants' negligence herein described, plaintiffs have suffered profound mental anguish and emotional suffering, loss of consortium, psychological injuries and severe depression and emotional pain. They request as compensation a sum not less than two-million one-hundred thousand dollars ($2,100,000.00).

23. Plaintiffs demand trial by jury.

**WHEREFORE**, plaintiffs respectfully request from this Honorable Court to grant the sums herein above requested as damages with the interests and costs of this action and reasonable attorney's fees and costs.

**RESPECTFULLY SUBMITTED**

Dated: San Juan, PR
27 February 2009

/s/ Daniel Morrison
Daniel Morrison
Attorney for Plaintiffs
Federal Br # 213002
P.O. Box 6146
San Juan, PR 00914-6146
Tel. (787) 724-8535
morrison@caribe.net